IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DERRICK ADRIAN JOHNSON, § <br> #36454-177, § <br> MOVANT, § <br> § <br> v.  § <br> § <br> UNITED STATES OF AMERICA, § <br> RESPONDENT. § | § CIVIL CASE NO. 3:21-CV-1676-N-BK <br> § (CRIMINAL CASE NO. 3:16-CR-349-N-1) |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Derrick Adrian Johnson's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

**I. BACKGROUND**

In 2018, Johnson was convicted by a jury of bank robbery and sentenced to 132 months' imprisonment and a three-year term of supervised release. Crim. Doc. 174. His conviction was affirmed on direct appeal on August 4, 2020. Crim. Doc. 200. On July 20, 2021, Johnson filed this § 2255 motion. Doc. 4. He asserts that his appellate counsel rendered ineffective assistance

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

in failing to challenge the district court's denial of his pretrial motions for authorization to retain an expert psychologist. Doc. 2 at 5-6.

Upon review, the Court concludes that Johnson's ineffective-assistance-of-counsel claim lacks merit and, as such, his ineffective assistance of counsel claim necessarily fails. Thus, his § 2255 motion should be summarily dismissed.

## II. ANALYSIS

### A. Legal Standard

The United States Constitution guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is determined by using the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under *Strickland*, the movant must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance, "[a]ppellate counsel need not raise every nonfrivolous ground of appeal, but should instead present solid, meritorious arguments based on directly controlling precedent." *United States v. Valas*, 40 F.4th 253, 260 (5th Cir. 2022) (cleaned up). Indeed, it is counsel's professional duty to choose among potential issues according to his judgment as to their merit and tactical approach of maximizing the likelihood of success on appeal. *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

"When reviewing the effectiveness of appellate counsel, the relevant question is whether the argument the petitioner asserts should have been made was 'sufficiently meritorious such that . . . counsel should have raised it on appeal.'" *Valas*, 40 F.4th at 260 (quoting *United States v.*

*Phillips*, 210 F.3d 345, 348 (5th Cir. 2000)). "Declining to raise a claim on appeal, therefore, is not deficient performance unless that claim was *plainly stronger* than those actually presented to the appellate court." *Davila v. Davis*, ⸺ U.S. ⸺, 137 S. Ct. 2058, 2067 (2017) (emphasis added) (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

### B.  Johnson's Claim for Ineffective Assistance of Appellate Counsel Lacks Merit

Prior to trial, Johnson raised an insanity defense, Crim. Doc. 41, and, in response, the Government moved, pursuant to statute, for a psychiatric/psychological examination, Crim. Doc. 44, which the Court granted, Crim. Doc. 48.  Johnson, then still represented by counsel, also moved for the appointment of a forensic psychologist to examine him regarding his insanity defense.  Noting that the Court had already ordered such an examination pursuant to the applicable statutes, the undersigned denied Johnson's motion without prejudice as, "at best . . . premature."  Crim. Doc. 49, *passim*, citing FED. R. CRIM. P. 12.2(c)(1)(B) ("If the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242."); 18 U.S.C. § 4242(a) ("the court . . . shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)").

Johnson subsequently was examined by a Bureau of Prisons' psychologist, Dr. Tennille Warren-Phillips, who concluded that "Johnson was criminally responsible for his alleged actions during the time period in question." Crim. Doc. 57 at 18 (*Criminal Responsibility Report*).  Dr. Warren-Phillips did "not believe that [Johnson], as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or wrongfulness of his acts." *Id.*  In other words,

the report found that Johnson was not legally insane at the time of the commission of the charged offense.[2]

Later, proceeding *pro se* with stand-by counsel, Johnson filed a second motion seeking authorization to retain a psychiatrist to evaluate whether he was insane at the time of the offense. After an *ex parte* hearing, the undersigned denied his requests for approval to retain Dr. Tim F. Branaman, a psychologist, because Johnson had not established that the services of a psychologist were necessary for his reasonable defense in light of the previous, court-ordered forensic psychological examination. Crim. Doc. 130 at 2-4. The district judge overruled Johnson's objection to that order at a pretrial conference. Crim. Doc. 136; Crim. Doc. 190 at 6-8.

Johnson now asserts that his appellate counsel was ineffective in failing to challenge on direct appeal the pretrial denial of funds for a mental health expert. Doc. 2 at 5, 6. He contends that his counsel had "the duty . . . to advocate for his client . . . [and] argue the loudest regarding the actions of these courts in question." Doc. 2 at 6. However, Johnson does not allege, much less show, that the appointment of an expert under the Criminal Justice Act (CJA) was warranted.

> The court is obligated to grant the defendant the assistance of an independent expert under § 3006A when necessary to respond to the government's case against him, where the government's case "rests heavily on a theory most competently addressed by expert testimony." *United States v. Patterson*, 724 F.2d 1128, 1130 (5th Cir. 1984). However, the court is not necessarily obligated to grant the defendant the assistance of an independent expert in preparing the defense of insanity.

---

[2] "It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense. 18 U.S.C. § 17.

*United States v. Williams*, 998 F.2d 258, 263–64 (5th Cir. 1993). The Court's authorization for expert or investigative services under § 3006A is justified only when a defendant "'demonstrate[s] with specificity' why the services are necessary." *United States v. Hardin*, 437 F.3d 463, 469 n.5 (5th Cir. 2006) (quoting *United States v. Gadison*, 8 F.3d 186, 191 (5th Cir. 1993)).

Here, obviously dissatisfied with the opinion of the neutral, court appointed expert, Johnson wanted a second opinion. Nevertheless, he was not entitled to such at court expense without making the requisite showing of necessity, which he failed to do. As the Court previously found:

> … the law does not obligate the Court to provide Defendant, even though indigent, with access to the resources he desires, but only those necessary to his adequate defense. Under the circumstances of this case, Defendant has not demonstrated that evaluation by another psychologist meets the latter standard. Notably, the Court's findings herein do not preclude Defendant from obtaining such services at his own cost or, in the event he is convicted, requesting court approval to employ a mental health expert as it relates to sentencing mitigation.

Crim. Doc. 130 at 4. *See also* 18 U.S.C. § 3006A(e)(1) ("… a person who is financially unable to obtain investigative, expert, or other services *necessary for adequate representation* may request them in an ex parte application….") (emphasis added).

Moreover, on this record, Johnson has not alleged, much less demonstrated, that the issue that he contends appellate counsel should have raised was clearly stronger than the issues counsel did pursue on direct appeal. *See Smith*, 528 U.S. at 288 ("only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome" (cited case omitted)). Because the basis for Johnson's claim of error in the Court's pretrial denial of authorization to retain the services of a mental health expert under § 3006A is

without merit, his appellate counsel was not ineffective under *Strickland* for failing to raise it on direct appeal. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("'Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.'" (citation omitted)).

## III. CONCLUSION

Johnson fails to offer a factual or legal basis for his claim of ineffective assistance of counsel on appeal. Accordingly, Johnson's § 2255 motion should be summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on September 21, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).